Christine Lynn REEVE, Appellant,

v.

Steven A. OLIVER; City of Des Moines, IA; William Moulder, Appellees.

No. 94–1602.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1994.

Decided Nov. 29, 1994.

Jeffrey M. Lipman and Brent C. Bedwell, Des Moines, IA, for appellant.

Anne L. Clark, Des Moines, IA (Steven A. Oliver, on the brief), for appellee.

Before BEAM, Circuit Judge, FRIEDMAN,* and JOHN R. GIBSON, Senior Circuit Judges.

PER CURIAM.

Christine Lynn Reeve appeals from an order dismissing, for lack of subject matter jurisdiction, her 42 U.S.C. § 1983 claim and supplemental state law claims. Because Reeve's complaint fails to state a valid federal claim, we affirm.

## I. BACKGROUND

Reeve's second amended complaint alleges the following sequence of events. In November of 1991, Reeve called the Des Moines Police Department and complained of barking dogs in her neighborhood. Stephen A. Oliver, an animal control officer, responded to the call. Shortly after arriving at Reeve's residence, Oliver "intentionally began touching and rubbing [Reeve's] back and starring [sic] at [Reeve's] chest." After Reeve moved away from Oliver, Oliver left to investigate the problem dogs. Oliver returned to Reeve's residence a short time later with information concerning the dogs and "again intentionally touched and rubbed [Reeve's] back." When Reeve again moved away from Oliver, Oliver left the residence without further incident.

Reeve's complaint raises three claims based on these facts. In Count I, Reeve alleges that Oliver's actions deprived her of "liberty and privacy interests and equal protection rights in being free from sexual harassment by a State actor." In Count II, she alleges that Police Chief William Moulder and the City of Des Moines are vicariously liable for Oliver's acts and were negligent in supervising Oliver. In Count III, she alleges that Oliver committed an assault and a battery.

In response to the complaint, Oliver filed a motion to dismiss and Moulder and the City of Des Moines filed a motion for summary judgment. The district court determined that Reeve had failed to plead "facts demonstrating a deprivation of established constitutional rights . . . ." On this basis, the court held that it did not have subject matter jurisdiction over the constitutional claim and could not exercise supplemental jurisdiction over the state law claims. Reeve's action was dismissed without prejudice.

## II. DISCUSSION

The district court stated that it was treating the defendants' motions as motions for summary judgment. From our review of the record, it is apparent that no matters outside the pleadings were presented to the district court or challenged by the defendants.[1] Thus, the motions are properly treated as

---

* THE HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The motions filed by the defendants challenge the sufficiency of Reeve's complaint and assert that Oliver and Moulder are entitled to qualified immunity. The parties' references to qualified immunity are not relevant at this point in the litigation. "Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736–37, 73 L.Ed.2d 396 (1982). *See also Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

motions to dismiss under Fed.R.Civ.P. 12(b). Reviewing the case on this basis, we find that dismissal was proper because Reeve failed to state a valid federal claim.[2]

Under Fed.R.Civ.P. 12(b)(6), dismissal is appropriate "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Alexander v. Peffer*, 993 F.2d 1348, 1349 (8th Cir.1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)). To establish a prima facie section 1983 claim, Reeve must allege that the defendants' conduct caused a constitutional violation and that the challenged conduct was performed under color of state law. *Id.*

Viewing the complaint in the light most favorable to Reeve, we find that she has failed to allege a constitutional violation. Though Oliver's alleged conduct may have been improper, it does not rise to the level of a constitutional violation. Reeve's arguments that she was somehow deprived of her Fourteenth Amendment rights of privacy, liberty, and equal protection are without merit. As we stated in *Gregory v. City of Rogers*, 974 F.2d 1006, 1009 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993), "Many harms, though caused by a state actor, do not fall within the scope of section 1983, for section 1983 does not turn the Fourteenth Amendment into a font of tort law that supersedes the tort systems already available under individual state laws." Reeve must look to state law for a remedy.

Applying Fed.R.Civ.P. 12(b)(6), it was proper to dismiss Reeve's federal claims. In the absence of a federal claim, the district court could not exercise supplemental jurisdiction and properly dismissed Reeve's remaining state law claims.

2. The district court erred when it found that it lacked subject matter jurisdiction over Reeve's section 1983 claim. A federal court does not lack jurisdiction merely because a complaint fails to state a cause of action. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

## III. CONCLUSION

For the foregoing reasons, the order of the district court is hereby affirmed.

See also Continental Cablevision v. United States Postal Serv., 945 F.2d 1434, 1439 (8th Cir.1991) ("[A] colorable allegation of a federal right suffices to establish arising-under jurisdiction, regardless of whether, ultimately, a federal cause of action is found.").