**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3621

_____

| | | |
|---|---|---|
| Lisa Haberthur, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| City of Raymore, Missouri; Steve | * | |
| Untrif, | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted: May 21, 1997
Filed: July 11, 1997

_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

_____

MURPHY, Circuit Judge.

Lisa Haberthur sued the City of Raymore and one of its police officers, Steve Untrif, for violations of her constitutional rights under 42 U.S.C. § 1983 and for battery and infliction of emotional distress. The district court dismissed her substantive due process and equal protection claims for failure to state a claim and granted summary judgment on her other allegations under section 1983. Some tort claims were dismissed for failure to state a claim, the rest for lack of subject matter jurisdiction. On

appeal Haberthur contests the dismissal of her substantive due process claims.[1] We affirm in part and reverse in part.

Since the challenged dismissal of Haberthur's due process claims was for failure to state a claim, we begin by reviewing the allegations in her complaint. Haberthur alleged that Untrif had followed her home in his marked police car as she was returning from work in late February 1994. When they arrived at her house, Untrif pulled his squad car into her driveway and parked. He told her that he should give her a ticket for speeding, but drove away without giving her one. Shortly thereafter in early March, Untrif went in uniform[2] to the store where Haberthur worked and approached her. He reminded her of their earlier encounter and said he would "wait down the road" for her when she left work and give her a ticket.

Untrif showed up at the store again on March 16, while on duty and in uniform. He went up to Haberthur and placed his hand under her sweatshirt and fondled her breast and chest, then ran his hands down her sides, placed his arm around her neck, and invited her to go to a back room with him. Haberthur was afraid to scream or run away because Untrif was a police officer in uniform. After that incident, Untrif repeatedly drove slowly past Haberthur's house in both his marked police car and his own car. She alleged these acts made her afraid for her safety and humiliated and embarrassed her.

Haberthur sued Untrif and the City for violations of 42 U.S.C. § 1983 and state tort law. She asserted that Untrif had unlawfully detained her in violation of the fourth amendment, that Untrif sexually assaulted her in violation of her due process rights, and

---

[1] The notice of appeal lists all of her constitutional claims, but in her brief and at oral argument she indicated she had narrowed her issues on appeal to the one area.

[2] At oral argument Untrif's counsel indicated that Untrif carried a gun and police badge as part of his uniform.

that Untrif treated women differently than men in violation of her equal protection rights. She alleged the City was also liable because of a custom or practice of indifference to sexual assault and harassment by its employees and its failure to "instruct, supervise, control, or discipline" Untrif. She also alleged state torts of battery, negligent infliction of emotional distress, and intentional infliction of emotional distress against Untrif, and claimed the City was responsible for battery and the negligent infliction of emotional distress under a theory of respondeat superior.

Untrif and the City moved to dismiss and for summary judgment, and the district court issued an order on September 16, 1996, disposing of all of Haberthur's claims. The district court dismissed some for failure to state a claim: the claims under 42 U.S.C. § 1983 for violations of substantive due process and equal protection and the claims for battery and negligent infliction of emotional distress against the City. The court dismissed the substantive due process claims because it believed that Untrif's conduct was not so "brutal or demeaning" as to "shock the conscience" and amount to constitutional injury, citing Reeve v. Oliver. 41 F.3d 381, 383 (8th Cir. 1994) (per curiam). Because it believed the allegations did not make out a due process claim, it did not need to reach issues relating to potential liability of the City. Summary judgment was granted to the defendants on the section 1983 claims alleging unlawful detention, and the remaining state claims were dismissed without prejudice for lack of subject matter jurisdiction.

Since Haberthur now only appeals the dismissal of her substantive due process claims, we focus on that. The City and Untrif argue that this court does not have jurisdiction to consider whether Haberthur stated a claim for violation of her due process rights because her notice of appeal did not specify that she was appealing that part of the district court's decision. The City and Untrif contend that the notice of appeal was deficient because it stated she was appealing from an order granting summary judgment and the due process claims had been dismissed for failure to state a claim.

Rule 3(c) of the Federal Rules of Appellate Procedure states that a notice of appeal "must designate the judgment, order, or part thereof appealed from." Fed. R. App. P. 3(c). The rules are to be construed liberally so that mere technicalities do not foreclose the consideration of a case on its merits, but failure to comply with Rule 3(c) can in some instances create a jurisdictional bar. Klaudt v. United States Dep't of Interior, 990 F.2d 409, 411 (8th Cir. 1993) (failure to designate which order was being appealed where multiple orders had been entered on different dates). The focus of the appeal must be apparent from the notice so that there is not prejudice to the adverse party. Burgess v. Suzuki Motor Co., Ltd., 71 F.3d 304, 307 (8th Cir. 1995).

Haberthur's notice of appeal designated the order from which she was appealing and named Untrif and the City as parties to the appeal. It stated that she was appealing "the Order granting Defendant's Motion for Summary Judgment on the 19th day of September, 1996." That order contained both the district court's decision on the motions to dismiss, including its decision to dismiss the substantive due process claims, and the motions for summary judgment. With the notice, Haberthur filed Appellant's Form A which included in the statement of issues: "Defendant violated Plaintiff's Fourteenth Amendment due process liberty rights when Defendant sexually assaulted Plaintiff." Both Untrif and the City have briefed the due process issues. There was sufficient compliance with Rule 3(c), and Untrif and the City have shown no prejudice by any deficiency. We therefore have jurisdiction to consider the merits of the appeal.

Haberthur argues that the district court committed reversible err in dismissing her due process claims. She asserts that Untrif's acts violated Missouri criminal law[3] and

---

[3]The Missouri criminal statute, Mo. Rev. Stat. § 566.090, which Haberthur cites, states:

> A person commits the crime of sexual misconduct in the first degree if he . . . purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent.

-4-

were so egregious as to "shock the conscience" and to inflict a constitutional injury. She claims Untrif was acting under color of state law since he was on duty and in uniform during the incidents, carrying a gun, and driving his police vehicle. The City and Untrif respond that a violation of state law does not automatically create a constitutional violation, that Untrif's acts were not of a constitutional dimension, and that Haberthur failed to show an abuse of police authority or that Untrif was acting under color of law and within the scope of his duties when the incidents occurred.

A complaint should only be dismissed under Fed. R. Civ. P. 12(b)(6) if, construed most favorably to the nonmoving party, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). All factual allegations in the complaint must be accepted as true. Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit, 507 U.S. 163, 164 (1993). Whether a complaint states a claim is a question of law reviewed de novo. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993).

To state a claim against Untrif under section 1983, Haberthur's complaint must allege that his acts caused a constitutional injury and were done under color of state law. 42 U.S.C. § 1983; Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). In order for the City to be liable, the rule has been that there must be allegations that its policy, custom, or practice caused the constitutional injury. Collins, 503 U.S. at

---

Id. "Sexual contact" is defined as "any touching of . . . the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Mo. Rev. Stat. § 566.010 (3).

123-24.[4] Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it. Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986).

The district court considered the conduct Haberthur complained about to be similar to that in Reeve v. Oliver and therefore dismissed her due process claims as not alleging a constitutional injury. The facts alleged by Haberthur are considerably more serious than those in Reeve, however. There an animal control officer had rubbed a woman's back and stared at her chest while investigating complaints about barking dogs. Untrif is alleged to have done far more than the single incident described in Reeve. He followed Haberthur home in his police cruiser and parked in her driveway. Later he went unexpectedly to the store in which she worked while he was in uniform and on duty and told her he would "wait down the road for her." On another occasion he showed up again at the store in uniform, walked up to her and reached his hand underneath her shirt, and fondled her breast and chest. He moved his hands up and down her sides and made sexually suggestive remarks. He repeatedly drove slowly by Haberthur's home both in his police vehicle and his own private car. On two occasions he threatened he might give her a ticket. Haberthur reported fearing for her safety and feeling humiliated as a result of what he did.

A sexual assault can be a constitutional violation under section 1983. Harris v. City of Pagedale, 821 F.2d 499, 508 (8th Cir. 1987) (city liable under section 1983 when police officer sexually fondled and raped a woman). This type of constitutional injury has been described as a violation of the substantive due process right to bodily integrity or privacy, and the courts of appeal have recognized that the right may be

---

[4]The Supreme Court has recently discussed what is needed to establish a policy, practice, or custom and the necessary causal link between municipal action and the interference with constitutional rights. See Board of the County Comm'rs of Bryan County v. Brown, 117 S. Ct. 1382 (1997).

violated by sexual fondling and touching or other egregious sexual contact. See Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727 (6th Cir. 1996) (teacher's fondling a student's breast may violate the substantive due process right to bodily integrity); McWilliams v. Fairfax County Bd. of Supervisors, 72 F.3d 1191, 1197 (4th Cir.), cert. denied, 117 S. Ct. (1996) (substantive due process right against unreasonable bodily intrusions violated when employee was forced to his knees, a finger was inserted in his mouth and a broomstick placed next to his clothed buttocks, and he was sexually fondled); Sepulveda v. Ramirez, 967 F.2d 1413, 1415-16 (9th Cir. 1992) (parole officer not entitled to qualified immunity for depriving woman of clearly established due process right to bodily privacy by entering a bathroom stall and watching her urinate).

The conduct that Haberthur alleged in her complaint, that Untrif reached his hand underneath her shirt and fondled a private erogenous area and moved his hands along and caressed her body while making sexually suggestive remarks, was intrusive, demeaning, and violative of her personal integrity. The implication for further sexual contact was in the larger context of threatening adverse official action by way of a ticket and following her in his police car. He was in uniform and on duty throughout. This is not a case alleging that a state actor failed to prevent a sexual assault, cf. Davis v. Fulton County, 90 F.3d 1346 (8th Cir. 1996), but one where the state actor is the alleged perpetrator. Taking the allegations in Haberthur's complaint as true, as we must in determining whether her complaint stated a claim, they sufficiently allege deprivation of her substantive due process rights. It was therefore error for the district court to dismiss the section 1983 claims for failure to allege a constitutional injury, and Haberthur should be permitted to go forward with these claims.

The City and Untrif argue that Haberthur has not alleged an abuse of Untrif's police authority because he had no special relationship with her and the conduct did not take place in the context of an arrest or other official police work. They claim there can be no constitutional violation or section 1983 liability without these elements.

Haberthur has alleged sufficient facts to raise a colorable claim that Untrif's actions were entwined with an abuse of his police authority. Haberthur's complaint asserts that Untrif used the City's police cruiser to follow her home and that he threatened her with tickets on two occasions. On these occasions and when he sexually assaulted her, Untrif was on duty in uniform. A substantive due process right to bodily integrity can be violated without proof of an arrest, apprehension, or "special relationship." Jones v. Wellham, 104 F.3d 620, 628 (4th Cir. 1997) (sexual assault which occurred when woman was not arrested or a suspect was a violation of the right to bodily integrity under the fourteenth amendment). Haberthur alleges that she was assaulted by a police officer acting under color of state law, and she has alleged acts by Untrif to make out a constitutional claim. It remains to be seen whether she can prove the allegations and whether there is merit to the remaining defenses.

The judgment is affirmed except for the dismissal of the substantive due process claims. We reverse as to those claims and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-