# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2757

_____

| | | |
|---|---|---|
| Charles Askew, also known as Raheem Muhammad, | * | |
| | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Sgt. Keith Millerd, Cummins Unit, ADC, | * | |
| CO-I Edward Malone, Cummins Unit, | * | |
| ADC; CO-I Tim Austin, Cummins Unit, | * Appeal from the United States |
| ADC; Jeff Ladd, Cummins Unit, ADC; | * District Court for the |
| CO-I R.D. Brown, Cummins Unit, ADC; | * Eastern District of Arkansas |
| CO-I Chad Hall, Cummins Unit, ADC; | * |
| CO-I James Morris, Cummins Unit, | * |
| ADC; CO-I Loren Burrer, Cummins | * |
| Unit, ADC, | * |
| | * |
| Appellees. | * |

_____

Submitted: March 12, 1999

Filed: September 15, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
    NANGLE,[1] District Judge.

_____

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

McMILLIAN, Circuit Judge.

Charles Askew, an Arkansas inmate, appeals from a final judgment entered in the United States District Court[2] for the Eastern District of Arkansas after the district court granted judgment as a matter of law in favor of employees of the Arkansas Department of Corrections (collectively defendants) sued by Askew pursuant to 42 U.S.C. § 1983. See Askew v. Austin, No. PB-C-94-772 (E.D. Ark. May 28, 1997) (order granting motion) (hereinafter "slip op."). For reversal, Askew argues that the district court erred in holding that there was insufficient evidence as a matter of law to support his claims and that he is not entitled to attorney's fees. See id. (June 4, 1997) (denying attorney's fees and granting costs). For the reasons stated below, we affirm.

Jurisdiction was proper in the district court under 28 U.S.C. § 1343, 42 U.S.C. § 1983. Jurisdiction is proper in this court under 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

**Background**

In his first amended complaint, Askew alleged that defendants violated his constitutional rights by beating him with excessive force and denying him adequate medical care following the beating. Askew further alleged that defendant Sergeant Keith D. Millerd was liable as the officer in charge at the time of the beating and that defendants individually or collectively conspired to deprive him of his constitutional rights in violation of § 1983.[3]

---

[2]The Honorable Bill Wilson, United States District Judge for the Eastern District of Arkansas.

[3]In his amended complaint, Askew alleged that defendants, individually or collectively, conspired to: (a) deprive him of proper medical attention; (b) use excessive force against him; (c) deny him a proper appeal process through the

At trial, Askew and other inmates testified that defendants beat Askew in a hallway while he was being escorted to the "quiet cell" in the north wing of the prison's isolation area. According to Askew, Millerd watched as each of the other defendants took a turn at beating him until, finally, Millerd signaled for them to stop. Askew further testified that, despite having serious injuries from the beating, he was denied medical care for approximately sixty hours. Defendants denied having participated in the alleged beating. They also introduced evidence to show that Askew himself engaged in uncooperative, aggressive, and violent behavior. Prison medical staff and guards who were on duty around the time of the alleged incident testified that Askew never asked for or showed signs of needing medical care during the time he was allegedly neglected.

The jury was instructed on four claims: excessive use of force, denial of proper medical care, liability of a superior officer (i.e., Millerd) or supervisory liability, and conspiracy to interfere with civil rights. The jury returned verdicts against Askew on the claims of excessive use of force and denial of proper medical care and returned verdicts for Askew on the supervisory liability claim against Millerd and the conspiracy claim against all eight defendants. The jury awarded nominal damages of $1.00 on each of the two verdicts returned in Askew's favor.

At the end of the trial, defense counsel moved for judgment as a matter of law on the verdict against Millerd. The district court denied the motion. Defendants thereafter filed a timely post-trial motion for judgment as a matter of law on both counts resolved by the jury in Askew's favor. Upon consideration, the district court granted defendants' motion for judgment as a matter of law and set aside the jury

Department of Corrections and deprive him use of the appeal process; (d) inflict unauthorized cruel and unusual punishment on him; (e) commit an assault upon him; (f) commit a battery upon him; and (g) obstruct justice by covering up these matters and preventing a proper resolution of his complaints within the Department of Corrections.

verdicts that were favorable to Askew.  <u>See</u> slip op. at 5.[4]  The district court subsequently held that Askew could not recover attorney's fees (but did award costs).  Askew appealed.

## Discussion

Askew first argues on appeal that the district court erred in granting judgment as a matter of law on his claim that defendants conspired to interfere with his civil rights.  He contends that, notwithstanding the jury's failure to find that defendants used excessive force or denied him proper medical care in violation of his constitutional rights, the jury could have determined that defendants were liable for conspiring to commit a *different* constitutional violation.  Citing <u>Banc One Capital Partners Corp. v. Kneipper</u>, 67 F.3d 1187 (5th Cir. 1995), he maintains that he was merely required to plead and prove the deprivation of *a* constitutional right, regardless of whether that alleged deprivation was submitted to the jury for consideration as a separate count.  Askew argues that he pled and proved constitutional violations not specifically mentioned in the jury instructions.  In support of this assertion, he points to evidence introduced at trial purportedly to prove his claims of assault, battery, and denial of access to the administrative appellate process. <u>See</u> Reply Brief for Appellant at 1-7.

---

[4]The district court interchangeably referred to defendants' motion as a motion for judgment as a matter of law and a motion for judgment notwithstanding the verdict (JNOV).  Motions for JNOV (as well as motions for a directed verdict) are treated as motions for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure.  <u>See</u>  Fed. R. Civ. P. 50, subd. (a), cmt. to 1991 amend.  The standard for granting a motion for judgment as a matter of law is the same as the JNOV standard, and cases discussing the JNOV standard equally apply to motions for judgment as a matter of law.  <u>See</u> <u>Larson v. Miller</u>, 76 F.3d 1446, 1452 n.3 (8th Cir. 1996) (en banc).

Askew also argues that the jury's verdict was entirely consistent with the instructions as they were delivered by the district court,[5] and, to the extent defendants now attempt to dispute the legal accuracy of those instructions, defendants have waived their objections. Finally, Askew suggests that the district court, in reality, granted defendants' motion for judgment as a matter of law because the court perceived the jury's verdicts to be inconsistent. If the verdicts were inconsistent, he argues, then the district court had the duty to seek an interpretation which reconciles the verdicts and, barring that, was required to order a new trial, not set aside only a portion of the verdicts. Moreover, he argues, it was incumbent upon defendants to

---

[5]Regarding Askew's conspiracy claim, the district court gave the following jury instructions, among others:

Plaintiff brings claims for conspiracy to interfere with his civil rights. The statute under which plaintiff brings this claim provides that if two or more persons conspire for the purpose of depriving any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and if one or more of those persons does an act in furtherance of the conspiracy, a person injured by the conspiracy may have a claim for money damages.

The plaintiff's claim under the conspiracy statute has four essential elements which are as follows: First, two or more persons must have conspired; second, the purpose of the conspiracy must be to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; third, that one or more of the conspirators did or caused to be done an act in furtherance of the object of the conspiracy; and, fourth, the plaintiff must show that he has suffered some injury as a result of the conspiracy.

Appellant's Appendix, Vol. IV at 960-61 (trial transcript; court's instructions to the jury).

raise the issue of inconsistent verdicts before the jury was discharged so as to allow the district court an opportunity to send the jury back to reconcile the verdicts. Because defendants failed to make such a timely objection, he argues, the contention has been waived.

Defendants have consistently maintained that the evidence at trial was insufficient as a matter of law to support a verdict for Askew on his conspiracy claim against all eight defendants and his supervisory liability claim against Millerd. That argument was not waived below. Upon careful review of the record in the present case and the parties' arguments on appeal, we agree with the district court's determination that defendants are entitled to judgment as a matter of law.

> We review the district court's entry of judgment as a matter of law in the light most favorable to the party who prevailed before the jury. This standard requires this court to:
>
> > (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.
>
> We are not, however, entitled to give a party the benefit of unreasonable inferences, or those at war with the undisputed facts. A mere scintilla of evidence is inadequate to support a verdict, and judgment as a matter of law is proper when the record contains no proof beyond speculation to support the verdict.

Larson v. Miller, 76 F.3d 1446, 1452 (8th Cir. 1996) (en banc) (citations and quotation marks omitted).

To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff. See, e.g., Simpson v. Weeks, 570 F.2d 240, 242-43 (8th Cir. 1978), cert. denied, 443 U.S. 911 (1979), cited in Putman v. Gerloff, 701 F.2d 63, 65 (8th Cir. 1983). Moreover, as Askew acknowledges, the plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim. See Villanueva v. McInnis, 723 F.2d 414, 416 (5th Cir. 1984) ("it remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient . . . [w]ithout a deprivation of a constitutional right or privilege, [the defendant] has no liability under § 1983") (quoted in Brief for Appellant at 8-9).

We agree with Askew that he could base his conspiracy claim at trial upon an alleged constitutional violation that was not submitted to the jury in a separate claim for relief, so long as that constitutional violation was pled and proven at trial. In the present case, however, no constitutional deprivation has been proven. The evidence at trial was insufficient as a matter of law to support a finding that plaintiff suffered a constitutional deprivation as a result of the alleged conspiracy.[6]

---

[6]In our opinion, a constitutional claim cannot be deemed "proven" in this context unless the jury expressly or implicitly makes a finding to that effect. To make such a finding, the jury has to be instructed as to what constitutional claims are being asserted and what are their elements. The plaintiff has the burden to request such instructions because it is the plaintiff's burden to prove the constitutional violation and because only the plaintiff knows exactly what his or her theory of liability is. In the present case, Askew failed to request any instructions regarding the constitutional violations which he now claims to have successfully pled and proven in support of his conspiracy claim (i.e., assault, battery, and denial of access to the administrative appellate process). Because no such instructions were requested or given, we disagree with his conclusion that the jury must have found that a constitutional

We begin with Askew's assertion that he proved assault and battery rising to the level of *constitutional* violations, notwithstanding his failure on the excessive use of force claim. "Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it." Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997) (citing Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986)). Askew cites Ladnier v. Murray, 769 F.2d 195, 199 n.4 (4th Cir. 1985), for the proposition that "[a]llegations of assault and battery can be elevated to constitutional torts by proof of malice, or by proof of other factors." Reply Brief for Appellant at 4. Askew then concludes that, "[s]ince [he] offered sufficient proof of assault and battery as a constitutional violation, the jury could have based the finding of conspiracy on either of these allegations." Id. Askew fails, however, to explain what "other factors" were proven, or where in the record there is "sufficient proof of assault and battery *as a constitutional violation.*" Indeed, Askew has done nothing more than highlight the evidence on which he based his excessive use of force claim. While we recognize that there may be instances where an assault or battery rises to the level of a constitutional violation notwithstanding the fact that it may not constitute an excessive use of force under Fourteenth Amendment or Eighth Amendment standards,[7] Askew has identified no basis for drawing such a distinction in the present case, and we perceive none.

violation or violations occurred. For purposes of this appeal, however, it makes no difference if we assume that the jury found a constitutional violation because we hold that there was insufficient evidence as a matter of law to support such a finding.

[7]See, e.g., Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997) (plaintiff's allegations of unwanted, non-forceful sexual fondling by police officer were sufficient to state a due process claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) (prisoner's allegations that guard pointed gun at him, threatened to shoot him, and used racial epithets against him because he had testified against another guard were sufficient to state claims of due process, equal protection, and First Amendment violations).

We now turn to Askew's remaining constitutional claim – that he was denied meaningful access to the appellate process within the Department of Corrections. The evidence in the record suggests that Askew's grievances were handled properly and that he was treated in the same manner as other similarly situated inmates. In any event, the evidence at trial upon which he relies refers only to actions of individuals who are not defendants in the present case, and there is no evidence suggesting that any of those individuals were acting in concert with, or under the supervision or control of, any of the defendants. See Reply Brief for Appellant at 6-7. Therefore, even if we assume for the sake of argument that Askew was denied meaningful access to the prison's administrative grievance procedures, the evidence is insufficient as a matter of law to hold any of the defendants in this case liable under § 1983 for conspiring to deprive him of his right to pursue his administrative grievances. See, e.g., Simpson v. Weeks, 570 F.2d at 243 ("The charge of conspiracy in a civil action is merely the string whereby the plaintiff seeks to tie together those who, *acting in concert*, may be held responsible for any overt act or acts.") (emphasis added) (quoting Rutkin v. Reinfeld, 229 F.2d 248, 252 (2d Cir.), cert. denied, 352 U.S. 844 (1956)).

In sum, we hold that the district court did not err in granting defendants' motion for judgment as a matter of law on Askew's § 1983 civil conspiracy claim because the "record contains no proof beyond speculation to support the verdict," Larson v. Miller, 76 F.3d at 1452. For the same reason, we hold that the district court did not err in granting judgment as a matter of law to defendant Millerd on Askew's § 1983 claim for supervisory liability. "[A] supervisor may be held individually liable under § 1983 if he [or she] directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (citing Tilson v. Forrest City Police Dep't, 28 F.3d 802, 806 (8th Cir. 1994), cert. denied, 514 U.S. 1004 (1995)). For the reasons stated above, there is insufficient proof as a matter of law to establish that Millerd directly participated in a constitutional

violation or failed to properly supervise or train any employee who caused a constitutional violation.[8]

Having affirmed the district court's disposition on the merits, we also hold that Askew is not a prevailing party and is not entitled to attorney's fees.

## Conclusion

The judgment of the district court is affirmed.


A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[8]Because we hold that the evidence was insufficient as a matter of law to prove Askew's conspiracy and supervisory liability claims, we need not address Askew's arguments which assume that defendants are appealing on the grounds that the jury instructions were erroneous or that the jury verdicts were inconsistent, neither of which has been asserted by defendants.