_____

No. 95-1436WA
_____

Daron James Plummer,           *
                               *
          Appellant,           *
                               *
     v.                        *   On Appeal from the United
                               *   States District Court for   Sheriff
Gary Grimes; Captain           *   the Western District of
Jim Rush; Charles Brunk, Jail  *   Arkansas.
Administrator; Bob Carmack,    *
Shift Supervisor,              *
                               *
          Appellees.           *


                    _____

          Submitted:  June 13, 1996

              Filed:  July 8, 1996
                    _____

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Circuit Judge, and
     KORNMANN,* District Judge.
                    _____

RICHARD S. ARNOLD, Chief Judge.

     Daron James Plummer appeals following a jury verdict partially in his
favor in his 42 U.S.C. § 1983 suit.  Plummer argues that the District
Court[1] abused its discretion when it denied his motion for appointment of
counsel, and instead appointed counsel only for the purpose of assisting
him on the day of trial.  We affirm.

_____

     *The Hon. Charles B. Kornmann, United States District Judge
for the District of South Dakota, sitting by designation.

     [1]The Honorable Beverly R. Stites, United States Magistrate
Judge for the Western District of Arkansas, to whom the case was
referred for final disposition by consent of the parties pursuant
to 28 U.S.C. § 636(c).

In original and amended complaints, Plummer alleged that, while he was incarcerated at the Sebastian County Jail, defendants failed to protect him from a fellow inmate and denied him medical care after a fight with this inmate; Plummer allegedly contracted hepatitis as a result. Plummer moved for appointment of counsel. The District Court denied this motion, concluding that Plummer had adequately prepared his complaints and other pleadings, that the facts and legal issues involved in the case were not complex, and that Plummer could adequately relate to a jury what occurred and how he believed defendants violated his civil rights. The Court did, however, appoint counsel "to assist [Plummer] through the legal process on the day of trial."

Prior to trial, Plummer served discovery requests and moved to compel responses; requested subpoenas for witnesses and subpoenas duces tecum; and submitted two pretrial information sheets. At trial, Plummer conducted voir dire, gave his opening statement, and examined witnesses during his case-in-chief. Shortly after the lunch recess on the first day of trial, appointed counsel took over and finished the presentation of Plummer's case-in-chief, and cross-examined defense witnesses. Appointed counsel gave Plummer's closing argument. One defendant was granted judgment as a matter of law, the jury returned a verdict in favor of Plummer and against one defendant on two of Plummer's three claims, and the jury otherwise found for defendants. Plummer was awarded $125 in compensatory damages on each of his two successful claims. He appeals.

We review a district court's decision as to whether to appoint counsel for abuse of discretion. See Swope v. Cameron, 73 F.3d 850, 851-52 (8th Cir. 1996). A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel, considering the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony, and the ability of

the plaintiff to present his claim.  See id. at 852; In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The District Court did not abuse its discretion in this case.  The case was not factually or legally complex.  Plummer was able adequately to prepare his pleadings and conduct discovery before trial, and ably presented his claim to the jury.  Plummer was further aided by appointed counsel's presentation of much of his case at trial.  There was little conflicting testimony.  These factors distinguish Plummer's case from those cases in which this court has held that the failure to appoint counsel was an abuse of discretion.  Cf., e.g., Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir.), cert. denied, 506 U.S. 1021 (1992); Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992); Johnson v. Williams, 788 F.2d 1319, 1323 (8th Cir. 1986); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

Accordingly, the judgment is affirmed.  We appreciate the diligent service of counsel appointed for Plummer on this appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.