United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-2677

_____

Kevin L. Gaten,                                    *
                                                   *
          Appellant,                               *
                                                   *
     v.                                            *
                                                   *
Richard E. Hudson, Police Detective;               *     Appeal from the United States
John Doe, Police Chief,                            *     District Court for the
                                                   *     Eastern District of Missouri.
          Appellees,                               *
                                                   *          [UNPUBLISHED]
Samuel J. Hais, St. Louis County                   *
Judge; Janet Reno, US Attorney                     *
General; John P. Sutton, Spec. Agent               *
in Charge, Drug Enforcement                        *
Agency,                                            *
                                                   *
          Defendants.                              *

_____

Submitted: December 30, 1997

Filed: April 6, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

In 1991, after St. Louis police officers seized $1,442 in currency and other personal property from Kevin L. Gaten-Bey,[1] the currency was transferred to the Drug Enforcement Administration (DEA). The DEA published notice of the seizure in <u>USA Today</u> for three weeks and sent notice of the seizure by certified mail to Mr. Gaten-Bey's home; Mr. Gaten-Bey did not file a claim; and the currency was forfeited to the federal government pursuant to 21 U.S.C. § 881.

In 1995, Mr. Gaten-Bey filed this action, complaining that the original search warrant was issued without probable cause and based upon a false affidavit, and that he received no response to his inquiries regarding his seized property. The district court[2] dismissed the claims against Judge Samuel Hais prior to service, pursuant to 28 U.S.C. § 1915(d) (1994) (current version at 28 U.S.C.A. § 1915(e)(2)(B)(i) (West Supp. 1997)). The district court[3] later denied Mr. Gaten-Bey's motion for appointment of counsel; granted Attorney General Janet Reno and DEA Agent John Sutton summary judgment; and, finding Mr. Gaten-Bey's subsequent pleadings clarified that he was seeking recovery of his forfeited $1,442 in currency, dismissed the action as to Officer Richard Hudson and Police Chief "John Doe." Mr. Gaten-Bey appeals.

---

[1]Although the plaintiff is identified in the district court and Eighth Circuit captions as "Gaten," he has consistently referred to himself as "Gaten-Bey."

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

[3]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

We conclude summary judgment was proper as to Attorney General Reno and Agent Sutton. Contrary to Mr. Gaten-Bey's argument, the DEA was permitted to receive the currency without a court order, see Madewell v. Downs, 68 F.3d 1030, 1037-45 (8th Cir. 1995), and the DEA provided him adequate notice prior to the forfeiture, see 19 U.S.C. § 1607(a) (requiring written notice to interested parties); 21 C.F.R. § 1316.75(a) (1997) (requiring newspaper publication); United States v. Woodall, 12 F.3d 791, 794-95 (8th Cir. 1993) (adequacy of notice is measured at time notice is sent; in forfeiture action, defenses such as lack of probable cause are waived if no claim is filed after adequate notice). After carefully reviewing the record, we agree with the district court that Mr. Gaten-Bey's claims against Officer Hudson and Police Chief "Doe" essentially sought release of the forfeited currency. Such a challenge to the forfeiture is foreclosed by Mr. Gaten-Bey's failure to respond after proper notice in the forfeiture proceeding. See 19 U.S.C. § 1609(b) (administrative forfeiture has force and effect of "final decree and order" of judicial forfeiture); 21 U.S.C. § 881(h) (all title in forfeited property vests in United States as of date of commission of act giving rise to forfeiture).

We conclude the district court did not abuse its discretion in denying Mr. Gaten-Bey's motion for appointment of counsel. See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996). His contention that he was entitled to prospective declaratory or injunctive relief against Judge Hais is unsupported. We decline to address Mr. Gaten-Bey's substantive due process claim raised for the first time on appeal. See Renfro v. Swift Eckrich, Inc., 53 F.3d 1460, 1464 (8th Cir. 1995).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.