# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2202

_____

Tyrone Woodard,                                 *
                                                *
                        Appellant,              *
                                                *
        v.                                      *
                                                *
Calvin Sewell, CO-1 Maximum                     *
Security Unit, Arkansas Department of           *
Correction, originally sued as CO-1             *
Sewell; Charles Robert Fread, CO-1,             *       Appeal from the United States
Maximum Security Unit, Arkansas                 *       District Court for the Eastern
Department of Correction, originally            *       District of Arkansas.
sued as CO-1 Fread; Michael Bieber,             *
Sgt., Maximum Security Unit, Arkansas           *       [UNPUBLISHED]
Department of Correction; Bruce                 *
Collins, Warden, Maximum Security               *
Unit, Arkansas Department of                    *
Correction; Richard Wimberly, Major;            *
Steve Outlaw, Assistant Warden;                 *
Randall Morgan, Warden; Larry B.                *
Norris, Director of Prisons,                    *
                                                *
                        Appellees.              *

_____

Submitted:  May 27, 1999
Filed:  June 4, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Tyrone Woodard appeals the district court's entry of judgment for the prison officials in Woodard's civil rights lawsuit. In the absence of a trial transcript, we are unable to review Woodard's challenges to the district court's admission and evaluation of trial evidence. See Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994) (court unable to review issues raised by appellant who failed to provide trial transcript after motion for preparation of transcript at government expense was denied). Additionally, we do not believe the district court abused its discretion in declining to appoint new counsel, see Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (standard of review), or improperly denied Woodard's motion to revoke his waiver of a jury trial, see Sewell v. Jefferson County Fiscal Court, 863 F.2d 461, 465-66 (6th Cir. 1988) (ordinarily, party who withdraws jury demand may not change his mind), cert. denied, 493 U.S. 820 (1989). Finally, we find no authority to support Woodard's contention that he should not have remained handcuffed during his civil bench trial.

We thus affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-