# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1949SI

_____

| | | |
|---|---|---|
| Jeffery D. Williams, | * | |
| | * | On Appeal from the United |
| Appellant, | * | States District Court |
| | * | for the Southern District |
| v. | * | of Iowa. |
| | * | |
| Department of Corrections, | * | [To Be Published] |
| | * | |
| Appellee. | * | |

_____

Submitted:  February 3, 2000

Filed:  March 30, 2000

_____

Before, McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

PER CURIAM.

Jeffery Williams, a former Iowa inmate, appeals from the District Court's 28 U.S.C. § 1915(e)(2)(B) dismissal of his 42 U.S.C. § 1983 complaint, in which he had asserted violations of his rights under the Rehabilitation Act, the Americans with Disabilities Act (ADA), and the Constitution.  We invited defendants (who had not been served below) to file a brief, and after reviewing the record and both parties' briefs, we affirm in part and reverse in part.

Williams filed this action against the State of Iowa, the Iowa Department of Corrections (DOC), and the health services of two DOC facilities, DOC Corrections Officers Banks and Sordan, and a DOC nurse.  Williams alleged that, at the time of the

complained-of events, he was a prisoner at Anamosa State Penitentiary (ASP) who suffered from a skin condition and wore a left leg brace to remedy a functional foot-drop. On October 19, 1998, Williams was transferred from ASP to the Mount Pleasant Correctional Facility (MPCF) to attend a trial. The ASP nurse refused to send along certain medication for his skin condition, explaining that it would be available at MPCF's health services. MPCF medical staff, however, refused to give him the medication. The lack of medication during the transfer and at the trial, a time period of about ten hours and forty minutes, caused Williams to suffer a burning sensation. Moreover, on the two-hour ride back to ASP, Officer Banks placed the leg shackles too tightly around Williams's left ankle, and refused to remove or loosen the shackles after Williams complained, causing him intense pain, swelling, and bruises. Also, Officers Banks and Sordan smoked in the van during the transfer, in violation of prison policy, causing Williams to suffer a headache and nausea.

Based on these facts, Williams claimed that defendants exhibited deliberate indifference to his medical condition and health, discriminated against him based on his disability, and inflicted pain maliciously and sadistically.

Prior to service of process, the District Court dismissed the complaint under section 1915(e)(2)(B), finding that the alleged facts failed to state any of the claims Williams asserted. Within ten days, Williams filed a motion for relief from judgment, a motion to amend, and a proposed amended complaint, in which he clarified his claims and argued that, as a pro se litigant, he should be given a chance to amend his complaint. Williams referred to the protection against retaliation for giving testimony, and reasserted that Banks had put his ankle shackles on too tightly. Treating these pleadings as a motion to reconsider, the Court denied relief, finding that the underlying circumstances remained unchanged, and that the alleged facts were frivolous or failed to state a claim.

We agree with the District Court that Williams's claims regarding disability discrimination, excessive force, temporary denial of the skin medication, and exposure to smoke in the van, are frivolous.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (deliberate indifference); Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (excessive force); Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999) (ADA and Rehabilitation Act); cf. Weaver v. Clark, 45 F.3d 1253, 1256 (8th Cir. 1995) (concluding complaint alleged deliberate indifference where prison officials repeatedly ignored asthmatic inmate's request to enforce smoking ban in cell).  Therefore, those claims were properly dismissed.

We think, however, that Williams's post-judgment pleadings indicate he wished to assert a retaliation claim against the two correctional officers, and that the alleged facts adequately support such a claim.  See Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (act in retaliation against exercise of constitutionally protected right under § 1983 is actionable even if act, when taken for different reason, would not have been actionable).  Although defendants argue that Williams's pleadings did not specifically allege a retaliation claim, we believe it can fairly be inferred from Williams's post-judgment pleadings that he was alleging that the leg irons were put on too tightly because of the correctional officers' displeasure with Williams's participation in the hearing.

Therefore, although the other claims and defendants were properly dismissed, Williams should have been given an opportunity to amend his complaint to bring his retaliation claim against Defendants Banks and Sordan, and they should be required to answer.  Cf. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997) (sua sponte dismissal appropriate only where "patently obvious" that plaintiff cannot prevail on alleged facts, and opportunity to amend would be futile; pro se litigants should be given reasonable opportunity to amend) (internal citations omitted).

Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.