# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1852

_____

| | | |
|---|---|---|
| Anthony Carniglia, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Cory Dearmon; Todd Sanders; | * | [UNPUBLISHED] |
| Paul Bosson, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 31, 2001
Filed: August 6, 2001

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Federal inmate Anthony Carniglia appeals the district court's dismissal prior to service of his 42 U.S.C. § 1983 damages action, and moves to proceed in forma pauperis (IFP). We grant him leave to appeal IFP, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b). We also affirm in part, reverse in part, and remand.

Carniglia claimed defendants--County Drug Task Force employees--exceeded the scope of a search warrant by removing from his residence property not described

in the warrant, and by conducting the search at night when the warrant indicated it was to be conducted during the day, in violation of the Fourth Amendment. He also claimed defendants failed to return the seized property when the criminal charges against him were withdrawn, in violation of the Fourteenth Amendment. The district court dismissed the action, finding Carniglia could not state a section 1983 claim because he had adequate post-deprivation remedies under state law.

Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we agree with the district court that Carniglia's Fourteenth Amendment claim lacked merit, as Carniglia indeed has post-deprivation remedies under state law. See Hudson v. Palmer, 468 U.S. 517, 536 (1984) (when state actor deprives individual of personal property, individual does not have § 1983 claim if state law provides adequate postdeprivation remedy); McQuillan v. Mercedes-Benz Credit Corp., 961 S.W.2d 729, 732 (Ark. 1998) (conversion is common-law tort action for wrongful possession or disposition of another's property); Ark. R. Crim. P. 15.2 & 15.5 (providing that motion for return of seized items can be filed or other civil remedies can be pursued). However, we reverse the dismissal of the Fourth Amendment claim and remand for the district court to consider it independently of the Fourteenth Amendment claim.

Accordingly, we affirm as to the Fourteenth Amendment claim, and reverse and remand as to the Fourth Amendment claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.