# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2131

_____

| | | |
|---|---|---|
| Eural Wills, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Nurse Haines, | * | District of Missouri. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: June 29, 2001
Filed: September 26, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Eural Wills, a prisoner at the United States Medical Center for Federal Prisoners in Springfield, Missouri (Center), appeals the district court's pre-service dismissal of his Bivens[1] action and the court's denial of his motion to reconsider. Wills, who suffers from total renal failure, alleged in his complaint that Nurse Haines of the Center's

_____

[1]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

dialysis unit "negligently misplaced a hemodialysis needle in [his] left arm," causing irreparable nerve damage as diagnosed by an "outside neurologist." The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b) (permitting dismissal of inmate civil complaint if it fails to state claim upon which relief may be granted) because negligence claims are not cognizable under Bivens.

In his timely motion to reconsider, Wills added allegations that Haines, angry because Wills insisted she follow established procedure for correct identification of his artificial kidney, had "deliberately stabbed him" with the needle; he provided a consulting neurologist's report opining that Wills's nerve damage was consistent with traumatic injury. The district court denied Wills's motion and denied leave to proceed in forma pauperis (IFP) on appeal. Wills has renewed his IFP motion in this court.

After de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we find that the allegations in Wills's motion for reconsideration were sufficient to allege an Eighth Amendment violation by Nurse Haines. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (contemporary standards always are violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident). Therefore, dismissal of Wills's claim was premature. See Williams v. Dep't of Corr., 208 F.3d 681, 682 (8th Cir. 2000) (per curiam) (when complaint did not state claim but court could infer, from pro se prisoner's post-judgment pleadings, allegation of retaliation for engaging in constitutionally protected activity, prisoner should have been given opportunity to amend complaint).

Accordingly, we grant Wills permission to proceed IFP, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b); and we

reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.