# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1343

_____

Keith Eugene Washington,     *
            *
     Appellant,    *
            *
    v.        *  Appeal from the United States
            *  District Court for the
Mark Uner, sued as Mark Jeffrey *  District of Minnesota.
Uner; Chryel Binder; Kirkpatrick, *
Officer, sued in their individual and *  [UNPUBLISHED]
official capacities,     *
            *
     Appellees.    *

_____

Submitted: April 8, 2008
Filed: April 15, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Keith Washington appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action, following the court's adverse grant of summary judgment based on his failure to exhaust administrative remedies. He also

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

argues that the district court abused its discretion in denying his motion for appointment of counsel.

In his pro se complaint, Washington alleged that he was a prisoner informant for the Office of Special Investigations (OSI), that he was assaulted in prison by known gang members because of his work for OSI, and that defendants--despite knowing the attack was imminent--failed to prevent the attack or protect him from harm, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. In his complaint, Washington acknowledged that he did not file a grievance against defendants, but he asserted that he took other steps intending to invoke an administrative remedy and that he had been threatened by one of the OSI investigators not to say "anything to anybody."

Upon de novo review, we agree with the district court that Washington's section 1983 action could not proceed because he had not exhausted his administrative remedies. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); Jones v. Bock, 127 S. Ct. 910, 918-23 (2007) (unexhausted claims cannot be brought in court or considered; failure to exhaust is affirmative defense); Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (defendant has burden of proving failure to exhaust); Jones v. Coonce, 7 F.3d 1359, 1362 (8th Cir. 1993) (de novo review of summary judgment decision). Although Washington submitted evidence showing that he sent some letters to the Department of Corrections complaining about the assault, the evidence also showed beyond genuine dispute that he did not follow the established grievance procedure. See Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006) (proper exhaustion demands compliance with agency's deadlines and other critical procedural rules). Further, while it is undisputed that an OSI investigator warned Washington not to reveal his involvement with OSI, we cannot say that this warning thwarted Washington's right to utilize the grievance procedure. See Gibson v. Weber,

431 F.3d 339, 341 (8th Cir. 2005) (inmates's assertion that unnamed personnel "made it clear" that he should voice complaints to medical personnel informally was not evidence that any prison official thwarted initiation of grievance procedures or that any official made it impossible to file grievances); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.").

We further hold that the court did not abuse its discretion in denying Washington appointment of counsel. See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (standard of review; factors court is to consider include, inter alia, whether plaintiff and court will benefit from appointment of counsel, legal and factual complexity of case, and plaintiff's ability to investigate and present his claim).

Accordingly, we modify the dismissal of Washington's action to be without prejudice, see Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (1998) (affirming dismissal for failure to exhaust administrative remedies, but modifying to be without prejudice), and we affirm the dismissal, as modified.

_____