# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1943

_____

| | | |
|---|---|---|
| Gloria Jean Crawford, doing business as JC Kennels, | * * * | |
| Plaintiff – Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Arkansas. |
| Van Buren County, Arkansas; Debby Fogle, Van Buren County Animal Control Officer; Debby Fogle; Pulaski County Humane Society; Kay Jordan; Beebe Humane Society, Jaxie Heppner, | * * * * * * | |
| Defendants – Appellees. | * | |

_____

Submitted: April 19, 2012
Filed: May 21, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Gloria Crawford brought suit under 42 U.S.C. § 1983 against officials who seized numerous dogs from a kennel she ran on her property. The district court[1]

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

granted summary judgment in favor of the defendants on Crawford's claims. We affirm.

I

Since 1995, Gloria Crawford has operated a kennel out of her Arkansas home. On March 15, 2005, Van Buren County Animal Control Officer Debby Fogle entered Crawford's property with a search warrant. After Crawford was taken into custody, Fogle and others seized approximately 163 dogs. Crawford ultimately pleaded guilty to 163 counts of animal cruelty. Pursuant to a plea agreement, Crawford forfeited the animals to the county, and provided Fogle with permission to access her property twice a month for a year. Under the agreement, Crawford received a twelve-month suspended sentence. State v. Crawford, 281 S.W.3d 736, 737 (Ark. 2008).

On December 13, 2006, Fogle executed another warrant, along with Kay Jordan, the shelter manager of the Humane Society of Pulaski County, Arkansas, and Jaxie Heppner, President of the Beebe, Arkansas, Humane Society. The officials seized 201 dogs, as well as crates, dog food, and other supplies. In a bench trial, Crawford was found guilty of one count of animal cruelty, and her property was forfeited to the county. Crawford was sentenced to one year in jail, with eight months suspended on the conditions that she pay the fines and costs, not keep animals for one year, and have a psychiatric examination within three months, along with treatment. On appeal to the state circuit court, Crawford's unopposed motion to suppress was granted. After Fogle could not be located, the state's motion to nolle prosequi was granted in May 2009. By this time, the dogs subject to the motion had been adopted.

In this section 1983 case, Crawford alleged the defendants violated her constitutional rights by taking her private property without just compensation in violation of the Fifth Amendment, unreasonably searching and seizing her property in violation of the Fourth Amendment, violating her due process rights by failing to

timely bring her before a judicial officer while in custody, and violating her due process rights by failing to protect her property. Crawford also alleged certain defendants engaged in a civil conspiracy in violation of her constitutional rights and committed the state law torts of trespass and conversion.

All defendants moved for summary judgment. Considering the county defendants first, the district court construed Crawford's claims against Fogle as official capacity claims. The court concluded there was no evidence to show the seizure of Crawford's property was unconstitutional. Moreover, the court found Crawford failed to exhaust her administrative remedies as to her claims that the county violated her due process rights because she did not move in state court for the return of her property. As for the Humane Society defendants, the court found no evidence the defendants conspired to violate Crawford's constitutional rights. Finally, the court dismissed Crawford's state law claims. Crawford appeals.

II

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences. Lewis v. Heartland Inns of Am., L.L.C., 591 F.3d 1033, 1035 (8th Cir. 2010). "Summary judgment is appropriate if, viewing the facts favorably to the non-movant, no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law." Norman v. Union Pac. R.R. Co., 606 F.3d 455, 458 (8th Cir. 2010).

A. Van Buren County Defendants

Crawford agrees her claims against Fogle are claims against the county. See Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit

against the employing governmental entity."). Van Buren County may be liable "if one of its customs or policies caused the violation of [Crawford's] rights." Rynders v. Williams, 650 F.3d 1188, 1195 (8th Cir. 2011) (internal quotation marks and citation omitted). "Although rare, a public official's single incident of unconstitutional activity can establish the requisite policy if the decision is 'taken by the highest officials responsible for setting policy in that area of the government's business.'" Id. (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)). "Alternatively, liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the municipality as to constitute a 'custom or usage' with the force of law." McGautha v. Jackson Cnty., Mo., Collections Dep't, 36 F.3d 53, 56 (8th Cir. 1994) (internal quotation marks and citation omitted). "Liability for an unconstitutional custom or usage, however, cannot arise from a single act." Id. at 57. Rather, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional conduct." Jenkins v. Cnty. of Hennepin, Minn., 557 F.3d 628, 634 (8th Cir. 2009) (internal quotation marks and citation omitted).

Crawford contends Fogle seized her dogs largely for Fogle's personal gain, which is evidenced by the fact that Fogle left many unmarketable big dogs. Moreover, according to Crawford, the dogs were in good condition. Ultimately, Crawford argues the defendants' actions established a pattern of unconstitutional misconduct. Alternatively, Crawford contends Fogle was the only animal control officer for the county, and even if the events centered around a single decision made by Fogle, this was sufficient to establish the county's unconstitutional policy.

We conclude the district court properly granted summary judgment on Crawford's claims against the county. First, Crawford's 2005 claims are barred by Heck v. Humphrey, 114 U.S. 129 (1994), "because a judgment in [Crawford's] favor on [her] conspiracy claim would imply the invalidity of [her] conviction, and [Crawford] did not allege [her] conviction had been overturned." Alexander/Ryahim

v. Monroe, 326 F. App'x 977, 978 (8th Cir. 2009) (unpublished per curiam). Moreover, Crawford conceded several of her allegations underlying these claims were past the statute of limitations.

As for the 2006 claims, Crawford fails to dispute the district court's holding that she failed to exhaust her remedy under Arkansas Rule of Criminal Procedure 15.2. In Walden v. Carmack, 156 F.3d 861 (8th Cir. 1998), we concluded "even if the execution of the search warrant was unreasonable as to the alleged seizure of items from [the appellee's] trailers, the appellees' Fifth Amendment rights were not violated" because "Arkansas provides for adequate state post-deprivation remedies that satisfy due process." Id. at 874. The appellees had conceded they failed to exhaust their remedies because they had not petitioned for the return of the property pursuant to Arkansas Rule of Criminal Procedure 15.2. Id.; see also Carniglia v. Dearmon, 16 F. App'x 548, 549 (8th Cir. 2001) (unpublished per curiam). Similarly, Crawford failed to exhaust her remedies by not petitioning for the return of her dogs.

Finally, Crawford failed to show an unconstitutional policy or custom was the moving force behind the violation of her rights. Fogle was acting pursuant to a valid search warrant when she entered Crawford's property to seize the dogs. Moreover, under the 2005 plea agreement, Fogle had the authority to inspect the premises twice monthly. On top of that, Crawford consented to Fogle's entry. Lastly, other than the 2006 search, Crawford "does not point to any incidents or claims that would show that the entities maintained a custom of violating constitutional rights." Marksmeier v. Davie, 622 F.3d 896, 902-03 (8th Cir. 2010). Thus, the court properly granted summary judgment on the claims against the county.

B. Humane Society Defendants

Crawford also claims the Humane Society defendants seized her dogs for their personal benefit, noting they received some of the confiscated dogs. Moreover, she

claims she was approached by these defendants while in custody and asked to forfeit the dogs in exchange for the charges being dropped after the first seizure. Together, Crawford contends, these facts create a material question as to whether the Humane Society defendants were acting in concert to take Crawford's dogs.

We agree with the district court that summary judgment was proper on Crawford's claims against the Humane Society defendants. Because a section 1983 claim applies to state action, and the defendants are private citizens, Crawford "must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." Dossett v. First State Bank, 399 F.3d 940, 951 (8th Cir. 2005). Crawford simply presents no evidence amounting to a civil conspiracy, other than unsupported speculation. See Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 801 (8th Cir. 2011) ("To survive a motion for summary judgment, the nonmoving party must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy.") (internal quotation marks and citation omitted). Notably, the defendants' mere presence during the search was not sufficient to prove a conspiracy existed. Therefore, the court properly granted summary judgment because no evidence supported the conspiracy allegations.

We affirm.[2]

_____

_____

[2]Because we affirm the district court's grant of summary judgment on all of Crawford's claims, we need not address Crawford's alternative request to reinstate her state law claims that were dismissed without prejudice. See Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state law claims are dismissed without prejudice to avoid needless decisions of state law as a matter of comity and to promote justice between the parties.") (internal quotation marks and citation omitted).