# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3811

_____

Jason Edward Johnson,

          Appellant,

    v.

Donna Cook, Medical Director; Mary
Herrington, LPN; Frank Filippelli, MD;
Derek Brown, P.A. Student; Terry
Mapes, Warden; Jill Durski, Deputy
Warden; Rhonda Lanser, LPN; Kay
Kieinschrodt, LPN; Kim Richardson,
C/O,

          Appellees.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Southern District of Iowa.
*
*  [UNPUBLISHED]
*
*
*
*
*
*
*

_____

Submitted: June 20, 2012
Filed: July 16, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Jason Johnson appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action, and the court's subsequent denial of postjudgment relief.[1] We affirm in part, reverse in part, and remand with directions.

In his complaint, Johnson claimed that defendants violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical need for attention to a fractured wrist. The district court dismissed the complaint with prejudice under 28 U.S.C. § 1915A(b), finding that it was frivolous and failed to state a claim. The court entered judgment on November 8, 2011. On November 18, Johnson filed several documents, attaching new materials and making new allegations. Construing the filings as a single motion for reconsideration, the district court denied relief. This appeal followed.

After careful review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we conclude that the complaint stated a claim against Dr. Frank Filippelli. Johnson alleged that Dr. Filippelli examined him on August 10 and ordered x-rays. The x-rays, taken on August 12, revealed a possible fractured wrist, but Johnson did not receive further treatment until September 16. At that point, Iowa City University medical personnel measured Johnson's range of movement, took more x-rays, and placed his arm in a cast. Liberally construed, the complaint alleged that Dr. Filippelli knew Johnson might have a fractured wrist, but failed to follow up on his condition for several weeks, after which it was confirmed that a fracture had occurred and needed treatment. Johnson also alleged that, while he was awaiting treatment at

---

[1]The notice of appeal designates only the dismissal order, but Johnson's appellate submissions show that he is challenging both the dismissal and the denial of postjudgment relief. We review both matters, because the notice of appeal is timely as to both, and no prejudice to any adverse party will result in this preservice-dismissal case. See Haberthur v. City of Raymore, 119 F.3d 720, 722 (8th Cir. 2009); Bogart v. Chapell, 396 F.3d 548 (4th Cir. 2005).

Iowa City University, he suffered pain. These facts sufficiently stated a deliberate-indifference claim against Dr. Filippelli. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (Eighth Amendment claim for deliberate indifference to serious medical needs requires plaintiff to allege that defendant knew of and disregarded excessive risk to plaintiff's health).

Turning to Johnson's postjudgment submissions, we note that he actually submitted three separate motions: a motion for reconsideration, a motion for appointment of counsel, and a motion for leave to amend his complaint. When the district court denied the motion for reconsideration, it also implicitly denied the motions for counsel and leave to amend. Cf. MSK EyEs Ltd. v. Wells Fargo Bank, 546 F.3d 533, 545 (8th Cir. 2008) (it is not abuse of discretion for district court to implicitly deny motion for leave to amend by entering final judgment inconsistent with relief sought in motion).

As to the merits of these motions, we conclude that the court did not abuse its discretion in denying the motion for reconsideration, see United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (standard of review); or the motion for appointment of counsel, see Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (standard of review). However, we find that the court abused its discretion in denying the motion to amend. Johnson filed his motion within ten days of the entry of final judgment; no prejudice would have resulted from granting the motion, as defendants had not been served; Johnson had not filed any prior motions to amend; and the allegations in his proposed amended complaint appear not to have been futile as to some defendants. See MSK EyEs Ltd., 546 F.3d at 545 (reviewing implicit denial of motion to amend for abuse of discretion); cf. Baptist Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007) (describing reasons justifying denial of motion to amend, including undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies with prior amendment, undue prejudice to non-moving party, or futility).

We therefore (1) vacate the dismissal of Johnson's claims against Dr. Filippelli; (2) conclude that the district court abused its discretion in denying leave to amend, and direct the court to allow Johnson to amend his complaint on remand; and (3) affirm in all other respects, except that we modify the dismissal of the remaining defendants to be without prejudice. <u>See</u> <u>Williams v. Dep't of Corr.</u>, 208 F.3d 681 (8th Cir. 2000).

_____