# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1799

_____

Matthew Jewell

*Plaintiff - Appellant*

v.

Miller County, Arkansas; Linda Rambo, Former Sheriff

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: September 18, 2012
Filed: October 15, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.


Arkansas inmate Matthew Jewell appeals following the district court's[1] entry of final judgment in his 42 U.S.C. § 1983 action, in which he raised a failure-to-

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

protect claim. After careful review, we agree with the district court that Jewell failed to state an official-capacity claim against Linda Rambo or a municipal-liability claim against Miller County, as nothing in Jewell's complaint demonstrated that a municipal policy or custom caused his injuries. See L.A. Cnty. v. Humphries, 131 S. Ct. 447, 449, 452-53 (2010) (municipality is liable under § 1983 only if injury was caused pursuant to its policy or custom); Crawford v. Van Buren Cnty., 678 F.3d 666, 669 (8th Cir. 2012) (official-capacity suit against government officer is equivalent to suit against employing governmental entity). We also conclude that the district court properly granted summary judgment as to the individual-capacity claim against Rambo, because the record before the court did not reveal any trialworthy issue on whether Rambo knew of but disregarded a substantial risk that Jewell would be assaulted by other inmates at the jail. See Farmer v. Brennan, 511 U.S. 825, 834, 847 (1994) (Eighth Amendment failure-to-protect claim requires that inmate was under conditions posing substantial risk of serious harm, and that defendant knew of but deliberately disregarded risk). Finally, we conclude that the district court did not abuse its discretion in denying Jewell's motion for appointment of counsel. See Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (standard of review).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____