# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3107

_____

William E. Fry

*Plaintiff - Appellant*

v.

Parcelite Solutions

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 11, 2013
Filed: April 24, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Fry appeals the district court's[1] grant of summary judgment to Parcelite Solutions (Parcelite), his former employer, in his action claiming he was

_____

[1] The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

discharged in violation of the Family Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA). We hold that summary judgment was proper. See Glascock v. Linn Cnty. Emergency Med., PC, 698 F.3d 695, 697 (8th Cir. 2012) (de novo standard of review). Even if Fry showed a prima facie case for his FMLA and ADA claims, see Bosley v. Cargill Meat Solutions Corp., 705 F.3d 777, 783-84 (8th Cir. 2013) (absent direct evidence, FMLA retaliation claims are analyzed under framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)); Otto v. City of Victoria, 685 F.3d 755, 758 (8th Cir. 2012) (same for ADA claim), Parcelite proffered a legitimate, nondiscriminatory reason for Fry's discharge: after conducting an investigation based on an internal complaint, it determined that Fry had violated its policy prohibiting sexual harassment, see Wheeler v. Aventis Pharms., 360 F.3d 853, 858 (8th Cir. 2004) (violation of sexual-harassment policy can be nondiscriminatory basis for termination). We conclude that the undisputed evidence reveals no triable issue of fact as to whether the proffered reason was pretextual. See, e.g., Ryan v. Capital Contractors, Inc., 679 F.3d 772, 776-77 (8th Cir. 2012) (under McDonnell Douglas framework, once employer proffers legitimate reason for its action, plaintiff must show that reason was pretext for unlawful discrimination).

Further, Parcelite did not interfere with Fry's FMLA rights by discharging him--while he was on medical leave--for the reason it stated, see Throneberry v. McGehee Desha Cnty. Hosp., 403 F.3d 972, 980 (8th Cir. 2005) (employer does not interfere with FMLA rights merely by terminating employee for legitimate reason, such as harassment of another employee); and the district court did not abuse its discretion by denying Fry's motions for counsel, see Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (standard of review). As to Fry's new allegations and claims on appeal, we decline to address them. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Accordingly, we affirm the judgment of the district court.  <u>See</u> 8th Cir. R. 47B. We deny Fry's pending motion.

_____