# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1209

_____

Catherine Brennan

*Plaintiff - Appellant*

v.

Cass County Health, Human and Veteran Services; Marsha McMillen, in her official capacity; Essentia Health St. Joseph's Medical Center; Essentia Health; PSJ Acquisition, LLC, doing business as Prairie St. John's Hospital

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 12, 2023
Filed: February 26, 2024

_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Catherine Brennan commenced this action under 42 U.S.C. § 1983, alleging federal and state claims arising out of Minnesota civil commitment proceedings. More specifically, Brennan alleged she was wrongfully committed and unlawfully forcibly medicated because the defendants failed to recognize she was experiencing

side effects from psychotropic medications, which were mistaken for psychosis and mania. Brennan appeals the district court's[1] dismissal of her claims. We affirm.

## I. BACKGROUND

In 2014, Brennan took a new job and almost immediately had regrets about the job change. At an appointment for an allergy shot, Brennan told a nurse practitioner about the stressful job transition. The nurse practitioner prescribed Ambien, Prozac, and Ativan. After taking these medications, Brennan asserts she began experiencing symptoms of akathisia.[2] In her amended complaint, Brennan alleged that before this time she had no history of mental illness and had never taken psychotropic medications.

From September 2015 through January 2018, Brennan was treated by multiple providers and hospitalized several times. She was diagnosed with bipolar disorder, depression, and generalized anxiety disorder. During this timeframe, her medical records document four suicide attempts, resulting in Brennan twice being committed as mentally ill. Brennan's second civil commitment ended on January 24, 2018.

On August 17, 2019, Brennan displayed signs that her mental health was decompensating. She called 911 three times in one evening, reporting that she was being threatened by her husband. After the third report, officers arrested Brennan for making a false 911 report. Two days later, officers received reports that Brennan was making comments that raised concerns in the City of Pequot Lakes. Several days later, Brennan's brother unsuccessfully sought to have Brennan committed.

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

[2]Akathisia is a neuropsychiatric syndrome associated with psychomotor restlessness. It is a movement disorder that may be associated with the use of antipsychotic medications. An individual with akathisia may experience an intense sensation of unease or an inner restlessness usually involving the lower extremities. https://www.ncbi.nlm.nih.gov/books/NBK519543/ (last visited January 9, 2024).

The following day, on August 24, 2019, Brennan's husband called 911 requesting assistance because Brennan had been making suicidal comments all night. Based on their observations and interactions with Brennan, responding officers believed Brennan should be taken to the hospital for an evaluation. When Brennan refused to get into the ambulance, she was transported by a deputy to the emergency room at St. Joseph's Medical Center. The evaluating doctor noted that Brennan was acting "extremely tangential, paranoid, delusional, agitated and with labile affect," had pressured/rapid speech, and was expressing impulsivity along with suicidal ideation. The doctor signed an emergency hold, noting that Brennan had made suicidal statements and had a history of mental illness with prior psychiatric admissions. Brennan was transported that day to Prairie St. John's Hospital where she was confined for a month. While at Prairie St. John's Hospital, Brennan was diagnosed with bipolar disorder involving current manic episodes with psychotic features; suicidal ideations; and medication noncompliance.

A petition for commitment was filed in Cass County (Minnesota) state court on August 28, 2019, by Marsha McMillen, an employee of Cass County Health, Human and Veterans Services. The petition was supported by a doctor's statement diagnosing Brennan with bipolar disorder, unspecified, manic, and indicating Brennan was currently delusional and confused. The doctor recommended inpatient treatment. The petition further detailed information contained in progress notes from Prairie St. John's Hospital, which demonstrated Brennan continued to struggle with her mental health even when hospitalized. A preliminary commitment hearing was held the next day, and the state court ordered Brennan confined pending a final commitment hearing.

A commitment hearing was held on September 23, 2019, during which Brennan testified and was represented by court-appointed counsel. Two medical examiners appointed by the court—the second one at Brennan's request—testified via video. After considering the evidence presented, the state court found that Brennan was a person who met Minnesota's statutory criteria for civil commitment

as mentally ill. Brennan was committed for a period of six months. Her commitment order expired on March 24, 2020.

Brennan chose not to appeal the commitment order or otherwise challenge its validity. Rather, she commenced this federal action seeking expungement of all prior commitment-related proceedings, declaratory and injunctive relief, monetary damages, and attorney's fees and costs for violations of Minnesota law and her constitutional rights arising out of the alleged wrongful commitment in 2019 and the improper administration of neuroleptic medications. Brennan alleged in her amended complaint that she was first diagnosed with akathisia during her hospitalizations in late 2015 and early 2016 but she was neither informed of this diagnosis at the time nor did other treating professionals recognize that she was not mentally ill but was experiencing adverse reactions to neuroleptic medications. Brennan also pointed to a letter that Dr. Eric Johnson wrote on July 28, 2022, which stated that Brennan's mental condition had been misdiagnosed and she should not be given antipsychotic medications or mood stabilizers.

The district court granted Marsha McMillen and Cass County Health, Human and Veteran Services' motion to dismiss for lack of subject matter jurisdiction; granted PSJ Acquisition, LLC d/b/a Prairie St. John's Hospital's motion for summary judgment for failure to comply with an expert disclosure requirement for medical malpractice claims; and granted Essentia Health, St. Joseph's Medical Center (the "Essentia defendants), and Prairie St. John's Hospital's motions under Federal Rule of Civil Procedure 12(b)(6) for failure to plausibly allege a claim against any of the defendants.

## II.   DISCUSSION

Brennan's amended complaint alleged three claims: (1) wrongful confinement arising out of her 2019 civil commitment; (2) invasion of privacy arising out of the forcible administration of neuroleptic drugs without due process of law; and (3) medical malpractice. Brennan specifically stated in her opening brief that she is not

appealing the grant of summary judgment as to the medical malpractice claim against Prairie St. John's Hospital. Her position regarding her medical malpractice claim against the Essentia Health defendants is less clear. Even so, she has waived any relief as to the district court's dismissal of her medical malpractice claim against the Essentia Health defendants by failing to meaningfully argue how the district court erred in dismissing this claim. See Lawn Managers, Inc. v. Progressive Lawn Managers, Inc., 959 F.3d 903, 914 n.7 (8th Cir. 2020) (stating a party who does not meaningfully argue an issue in its opening brief, waives it).

### 1.    *Wrongful Commitment*

Brennan's predominant claim in this action is that she was civilly committed in 2019 in violation of her constitutional rights and Minnesota law. Because Brennan's civil commitment order stands, she cannot proceed in this Court with a wrongful commitment claim. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Thomas v. Eschen, 928 F.3d 709, 711-713 (8th Cir. 2019).

This Court has determined Heck, which barred claims challenging the validity of still-valid criminal judgments, applies to constitutional claims challenging a civil commitment order. Thomas, 928 F.3d at 711-713. Brennan's attempt to distinguish Thomas on the ground that she was a patient in a hospital while Thomas was a state prisoner is a distinction without a difference. The pertinent inquiry turns not on the status of the person being committed but rather on the nature of the underlying proceeding. Because Brennan's state civil commitment order remains valid, we dismiss her wrongful commitment claim without prejudice. Id.

### 2.    *Forcible Administration of Neuroleptic Medications*

Brennan next claims the failure to accurately diagnose her medical condition and forcibly administering neuroleptic medications violated her constitutional rights and Minnesota law. She alleged the defendants ignored her medical information and history, injected her with medications that aggravated her existing medical

-5-

condition, ignored her continuous objections, and failed to obtain her consent prior to the treatment. She contends the defendants, either negligently or intentionally, disregarded the distinction between a person who is "mentally ill" from a person having an adverse reaction to neuroleptic drugs.

We review whether a complaint states a cause of action *de novo*. Buckley v. Hennepin Cnty., 9 F.4th 757, 760 (8th Cir. 2021). Courts apply the deliberate indifference standard from the Eighth Amendment when analyzing a civilly committed individual's Fourteenth Amendment claim of constitutionally deficient medical care. Mead v. Palmer, 794 F.3d 932, 936 (8th Cir. 2015) (citation omitted); see id. at 764 (explaining that the Eighth Amendment deliberate indifference standard applies when the state restrains an individual's liberty such that it renders her unable to care for herself and fails to provide her adequate medical care). This standard requires a plaintiff to show an objectively serious medical need, which the defendants knew of, but deliberately disregarded. Mead, 794 F.3d at 936. Deliberate indifference is "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm." Hall v. Higgins, 77 F.4th 1171, 1179 (8th Cir. 2023) (cleaned up). Whether a defendant acted with deliberate indifference is measured by the defendant's knowledge at the time in question, not by perfect vision of hindsight. Schaub v. VonWald, 638 F.3d 905, 915 (8th Cir. 2011).

The amended complaint does not plead allegations plausibly showing deliberate indifference. There are no allegations identifying how Brennan's care or treatment exceeded gross negligence. There are no allegations showing which defendant knew or should have known that Brennan was not suffering from a mental illness but akathisia. Nor are there allegations that demonstrate when the defendants knew or should have known that Brennan's apparent psychiatric problems were the result of akathisia and not mental illness. Although Brennan has alleged a series of unfortunate and adverse consequences from the administration of neuroleptic medications, these allegations are inadequate to show a defendant acted with deliberate indifference. Given Brennan's failure to adequately plead deliberate

indifference as to any of the named defendants, the district court did not err in dismissing Brennan's forcible administration of medication claim.

## III.  CONCLUSION

Because the district court did not err by dismissing Brennan's wrongful commitment claim without prejudice or by dismissing her forcible administration of medication claim with prejudice, we affirm the district court's judgment.

_____