# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2497
_____

Jane Doe

*Plaintiff - Appellant*

v.

The Estate of Joshua Q. Eckerson, Individually; Harrison County

*Defendants - Appellees*

Lisa Worrell, Individually

*Defendant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: February 15, 2024
Filed: June 12, 2024
[Unpublished]
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

PER CURIAM.

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. See 28 U.S.C. § 45(a)(1).

The facts relevant to this appeal are not in dispute. Jane Doe met Joshua Q. Eckerson, then-Sheriff of Harrison County, Missouri, in 2015 while working as a confidential informant. Their relationship started when he drove her home after she helped law enforcement make arrests related to an investigation. After he dropped her off, Eckerson sent Doe a text message that said "I can't stop thinking of your ass." Doe responded by inviting Eckerson back to her home, saying "Come over and get some." Doe had what she characterized as "voluntary sex with [Eckerson] that night." This marked the beginning of their "voluntary, continuing sexual relationship," which also involved drug use. Doe said it was "[her] call" to use the drugs that Eckerson provided. Doe engaged in the relationship "because she was trying to get a benefit for her brother and family with legal problems." Their relationship "lasted approximately six months" before Doe ended it.

Eckerson died in 2020. Later that year, Doe filed a lawsuit under 42 U.S.C. § 1983 and state law, alleging her fundamental rights were violated when she had sex and used drugs with Eckerson. See U.S. Const. amends. IV, XIV; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978). As relevant here, Eckerson's Estate[2] and Harrison County, both of which are defendants in this action, moved for summary judgment, which the district court[3] granted. The court reasoned that the undisputed facts established that Doe "voluntarily consented to the sexual relationship and drug usage," which precluded her from showing a violation of her fundamental right to substantive due process and bodily integrity. Doe appeals the dismissal of her Fourteenth Amendment[4] claim against Eckerson, and her municipal liability Monell claim against Harrison County.

---

[2]We use "Eckerson" to refer to the individual and his Estate.

[3]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

[4]Doe also brought a Fourth Amendment claim against Eckerson, but by failing to make a meaningful argument in support of her assertion that this claim should survive, Doe waived any appeal of this issue. See Brennan v. Cass Cnty. Health, Hum. & Veteran Servs., 93 F.4th 1097, 1101 (8th Cir. 2024) (citation omitted).

We review the grant of summary judgment de novo. Laney v. City of St. Louis, 56 F.4th 1153, 1155 (8th Cir. 2023) (citing Morgan v. Robinson, 920 F.3d 521, 523 (8th Cir. 2019) (en banc)). "Summary judgment was appropriate if the evidence, viewed in the light most favorable to [the nonmoving party], shows no genuine issue of material fact exists and the defendants were entitled to judgment as a matter of law." Id. at 1155–56 (quoting McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020)); Fed. R. Civ. P. 56(a).

Under Local Rule 56.1(b)(1) of the Western District of Missouri, "all facts set forth in the statements of the movant are deemed admitted for the purpose of summary judgment" unless specifically controverted by the opposing party. See Harris v. Interstate Brands Corp., 348 F.3d 761, 762–63 (8th Cir. 2003) (upholding grant of summary judgment based on facts deemed admitted under this rule); Cross v. City of Chillicothe, No. 5:21-cv-6037-DGK, 2022 WL 17987623, at *1 (W.D. Mo. Dec. 29, 2022) (applying Local Rule 56.1(b)(1)). Doe did not controvert Eckerson's or Harrison County's Statements of Uncontroverted Material Facts. As a result, the district court deemed their facts to be admitted.

Doe does not challenge that ruling. And she does not point to anything in the record that indicates she engaged in the relationship because she was or felt pressured, threatened, or coerced. Based on this record, including the defendants' facts that were deemed admitted, Doe is unable to establish that Eckerson's conduct rose to the level of a constitutional violation. See Rogers v. City of Little Rock, 152 F.3d 790, 796–97 (8th Cir. 1998) (finding Fourteenth Amendment violation when a police officer mentally coerced a woman into sexual intercourse and the violation was conscience shocking); Villanueva v. City of Scottsbluff, 779 F.3d 507, 513 (8th Cir. 2015) (finding no conscience-shocking disregard of plaintiff's constitutional rights where defendant police chief's relationship with plaintiff "[could] only be described as a consensual sexual relationship between adults"); cf. Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997) (finding plaintiff sufficiently alleged deprivation of her substantive due process right to bodily integrity in sexual assault case where uniformed and on-duty police officer was alleged to have repeatedly

engaged in harassing and threatening behavior). The district court properly granted summary judgment on this claim.

Doe's claim against Harrison County was also properly dismissed. "[M]unicipal liability under 42 U.S.C. § 1983 is limited to deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature.'" Pembaur v. City of Cincinnati, 475 U.S. 469, 471 (1986) (quoting Monell, 436 U.S. at 691). Because Doe failed to establish a deprivation of her federally protected rights, her claim against Harrison County necessarily fails.

We affirm.

_____